UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.   07 CR 849 |
| | ) | 07 GJ 483 |
| v. | ) | |
| | ) | Chief Judge James F. Holderman |
| ALBERT HENDERSON | ) | |
| aka "Bookie" | ) | |

**GOVERNMENT'S FIRST UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 45-day extension of time, to and including February 29, 2008, in which to seek the return of an indictment against the defendant, for the following reasons:

1. This investigation was initiated in May 2007 following the robbery and shooting at the Illinois Service Federal Savings and Loan Bank ("the bank"). To date, three individuals have been charged with that robbery and related offenses: Alton Marshall, Henry Bluford, and David Vance, in case 07 CR 351, which is pending before Judge Joan B. Gottschall. The investigation of these individuals and the bank robbery is ongoing.

2. During the course of this investigation, as outlined in the affidavit for complaint in the instant case, defendant Albert Henderson, is alleged to have possessed firearms and other evidence used in the robbery of the bank in May 2007. While some firearms have been recovered by law enforcement, other firearms, as well as other physical evidence, have yet to be recovered.

3. After several interviews and an appearance before the grand jury, in which defendant is alleged to have made false statements, he was arrested on December 18, 2007. The defendant was released following his initial appearance and is not in custody.

4.      A number of factors have led to the government's request for extension. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that this Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

5.      Given the reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient. The United States estimates that 45-day extension from the current expiration date of January 16, 2008, to and including February 29, 2008, will be sufficient time within which to return an indictment in this matter.

6.      Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because . . . the facts upon which the grand jury must base its determination are unusual or complex; [and]

> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for . . . the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(ii), (iv).

7.      The government respectfully submits that the 45-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the investigation factors warranting an extension of time (as cited in the government's Attachment) exist. The government cannot complete its investigation and

appropriately conclude the investigation within the time allowed under Section 3161(b) of the Speedy Trial Act at this time.

8. Following a telephone call made January 10, 2008, counsel for the defendant represented that he does not object to this motion.

WHEREFORE, the United States respectfully requests a 45-day extension of time from January 16, 2008 to and including February 29, 2008 in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   s/Joseph Alesia
      JOSEPH ALESIA
      Assistant United States Attorney
      United States Attorney's Office
      219 South Dearborn Street
      Chicago, Illinois  60604
      (312) 353-6630

Dated: January 11, 2008

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the

**GOVERNMENT'S FIRST UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

was served on January 11, 2008, in accordance with Fed. R. Crim.P.49, Fed R. Civ.P.5,LR5.5, and the General Order on Electronic Case filing (ECF), pursuant to the district court's system as to ECF filers.

                                                  Respectfully submitted,
                                                  PATRICK J. FITZGERALD
                                                  United States Attorney

By:    s/Joseph Alesia
          JOSEPH ALESIA
          Assistant United States Attorney
          219 South Dearborn Street, 5th Floor
          Chicago, Illinois 60604
          (312) 353-6630